IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LORNE VERNAE STONE,<br><br>      Plaintiff<br>VS.<br><br>WARDEN HILTON HALL, and<br>DR. JERRY GILL,<br><br>      Defendants | NO. 5:08-CV-316 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Plaintiff Lorne Vernae Stone filed the above-captioned lawsuit pursuant to 42 U.S.C.§1983 against numerous defendants.  Tab #1.  Plaintiff's Complaint contained, *inter alia,* allegations of deliberate indifference to his serious medical needs.  After an initial review, the undersigned dismissed defendant James Donald and transferred several other claims and their respective defendants to the U.S. District Court for the Southern District of Georgia.  Tab #4.  Consequently, the only defendants remaining in this action are Hilton Hall and Dr. Jerry Gill.  Defendant Gill has not been served with this lawsuit.[1]

After waiving service, defendant Hall timely filed a Pre-Answer Motion to Dismiss arguing that the plaintiff failed to state a claim.  Tab#11.  Plaintiff Stone filed a Response to defendant Hall's initial Motion to Dismiss.  Tab #18.  In his Response, plaintiff Stone amended his Complaint by adding claims of conspiracy under 42 U.S.C. § 1985(3) and 42 U.S.C. §1986 as well as a Fourteenth Amendment due process claim.  Three days later, plaintiff Stone filed a Motion to Amend (Tab #19) and thereafter an Amended Complaint (Tab #23).[2]  In his motion seeking leave to amend as well as in his Amended Complaint, plaintiff Stone asked to withdraw his conspiracy claim and add an Americans with Disabilities Act 42 U.S.C. § 12131, *et seq.* claim as well as a claim of inadequate training and supervision.  The latter claim was directed at Commissioner James Donald, a defendant who has already been dismissed from this action.

---

[1] Defendant Hall has filed a Suggestion of Death Upon the Record as to Defendant Dr. Jerry Gill. Tab #10.

[2] Plaintiff's motion seeking to amend has been dealt with in an order entered earlier this date. **Tab #** Therein, the plaintiff's motion was granted only to the extent that it sought to withdraw the conspiracy claim.  As such, this Recommendation shall only consider the claims involving delayed and or deliberately indifferent medical treatment.

In response to these filings by plaintiff Stone, defendant Hall filed a reply to the plaintiff's Response (Tab #21) and a second motion seeking dismissal (Tab #24). Plaintiff Stone responded (Tab #26) to the second motion seeking dismissal and defendant Hall replied thereto (Tab #27). Defendant Hall's motions seeking dismissal are the subject of the instant Recommendation.

## FACTUAL BACKGROUND

Plaintiff Stone avers in his complaint that during his more than twelve (12) years of incarceration in the Georgia Prison System, he has not been provided with timely and adequate care for numerous urological, gastrointestinal, and reproductive health conditions. In support of this allegation, he claims that he has openly and continuously suffered from, and diligently sought treatment for, numerous conditions whose symptoms include, but are not limited to, bloody urine, bladder pain, genital rash, erectile dysfunction, bloody stools, loose stools, abdominal pain, abnormal colored semen, low sperm count, and headaches. Furthermore, Stone avers that, as a direct result of delayed and inadequate medical treatment, he has contracted Herpes Simplex 2, has become infertile, has a permanently and extensively scarred penis and urinary tract, and will forever suffer from numerous unspecified mental and emotional problems.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION

In his motions seeking dismissal, defendant Hall argues that this action should be dismissed because of plaintiff Stone's failure to sufficiently state a claim.  This conclusion is premised upon the fact that the only factual allegation against defendant Hall with regard to the plaintiff's medical care is plaintiff Stone's averment that Hall reviewed and denied three or four grievances involving medical complaints.  Plaintiff does not allege that defendant Hall personally participated in the provision of his medical care and treatment or that he directly caused its denial.  Rather, the plaintiff avers that defendant Hall learned of the plaintiff's situation through grievances and subsequently failed to intervene.  According to the plaintiff, Hall's alleged failure to intervene makes him liable for damages suffered as a result of the deprivation.

Even accepting the non-conclusory portions of these allegations as true, plaintiff Stone has failed to recognize is that "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied."  *Wayne v. Jarvis*, 197 F.3d 1098, 1106 (11th Cir.1999), *cert. denied*, 529 U.S. 1115, 120 S.Ct. 1974, 146 L.Ed.2d 804 (2000); *Weaver v. Toombs*, 756 F.Supp. 335, 337 (W.D.Mich.1989), *aff'd*, 915 F.2d 1574 (6th Cir.1990); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).  This is, in part, because supervisory liability in a §1983 action may only be found when the supervisor *personally* participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks and citations omitted).  Neither of these conditions have been demonstrated in the instant action.

Accordingly, **IT IS RECOMMENDED** that the defendant's motions seeking dismissal be **GRANTED.** Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 26th day of August, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE